# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 08 2019, 8:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Robert J. Hardy
Hardy Law Office
Auburn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Angela Fritz, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 8, 2019 <br><br> Court of Appeals Case No. 19A-CR-778 <br><br> Appeal from the Noble Superior Court <br><br> The Honorable Robert E. Kirsch, Judge <br><br> Trial Court Cause No. 57D01-1808-F6-280 |

**Bradford, Judge.**

# Case Summary

[1]     In August of 2018, Angela Fritz attacked Mark Lewis during an argument, pulling out some of his hair, breaking his glasses, and injuring his lip. The State charged Fritz with Level 6 felony domestic battery, and the trial court found her guilty as charged. The trial court, citing Fritz's history of criminal behavior and unaddressed issues with alcohol abuse and mental health, imposed a sentence of 560 days of incarceration. Fritz contends that the trial court abused its discretion in sentencing her and that her sentence is inappropriately harsh. Because we disagree, we affirm.

# Facts and Procedural History

[2]     On August 11, 2018, Lewis was in a relationship with Fritz and invited her and a friend over for a cook-out at his Noble County home. At around 10:00 p.m., the intoxicated Fritz accused Lewis of having intercourse with one of her friends and began to throw food at him as he sat on a couch. After Lewis cleaned up the food and returned to the couch, Fritz attacked him, yelling "I'm going to kill ya" as she pulled Lewis's hair, ripped his shirt, and broke his glasses. Tr. Vol. II p. 34. In addition to breaking Lewis's glasses, Fritz pulled a "chunk" of hair out of his head and "busted" his lip. Tr. Vol. II p. 35. On August 13, 2018, the State charged Fritz with Level 6 felony domestic battery. On February 15, 2019, the trial court found Fritz guilty as charged and, on March 22, 2019, sentenced her to 560 days of incarceration.

# Discussion and Decision

[3] Fritz was convicted of Level 6 felony domestic violence. Indiana Code section 35-50-2-7 provides, in part, that "[a] person who commits a Level 6 felony […] shall be imprisoned for a fixed term of between six (6) months and two and one-half (2 ½) years, with the advisory sentence being one (1) year." Fritz's sentence of 560 days (or approximately one and one-half years) is moderately enhanced but significantly shorter that the maximum sentence she could have received.

# I. Whether Fritz's Sentence is Inappropriate

[4] We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique

perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

[5] The nature of Fritz's offense justifies an enhanced sentence. Fritz could have been convicted of domestic battery for merely throwing food at Lewis, but her actions went far beyond that. After Lewis cleaned up the mess made by Fritz, she threatened to kill him and attacked him, pulling his hair, ripping his shirt, and breaking his glasses. Lewis suffered "a chunk of hair pulled out of [his] head and a big red mark across [his] neck and a busted lip." Tr. Vol. II p. 35. Fritz's actions went beyond those necessary to establish Level 6 felony domestic battery and justify an enhanced sentence.

[6] Fritz's character also justifies an enhanced sentence. Despite her contacts with the criminal justice system and established issues with alcohol abuse and mental health, Fritz has refused to address her issues or reform herself. In addition to the domestic battery and operating a vehicle while intoxicated ("OWI") convictions for which Fritz was on probation when she committed the instant offense, the record indicates she also has a 2012 conviction for domestic battery. As for Fritz's refusal to address her issues, her probation officer testified at sentencing that any service she had referred Fritz to "was like beating a wall" and that Fritz had refused treatment, refused to admit that she had a problem, and been evicted from a dual diagnosis facility "that [the probation officer had] tried very hard to get her into […] that would have fit all of her needs[,]" including treatment for substance abuse and mental-health issues. Tr. Vol. II p. 102. Fritz's probation officer indicated that Fritz refused to take accountability

for her actions, admit that she had a problem, or accept help when it was offered to her. A person who treated Fritz at the dual-diagnosis facility indicated that she blamed other for her issues. Given Fritz's history of criminal activity, alcohol abuse, and refusal to accept responsibility for her actions, she has failed to establish that her 560-day sentence is inappropriate in light of the nature of her offense and her character.

## II. Whether the Trial Court Abused its Discretion in Sentencing Fritz

### A. Sentencing Statement

Fritz contends that the trial court did not make a sufficiently detailed sentencing statement. Under our current sentencing scheme, "the trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2008). The purpose of issuing a sentencing statement is to guard against arbitrary and capricious sentencing and to provide a basis for appellate review. *Id.* at 489. When reviewing the sufficiency of the sentencing statement, we examine both the trial court's oral and written statements. *Gleason v. State*, 965 N.E.2d 702, 710 (Ind. Ct. App. 2012). Sufficient "sentencing statements are not required to contain a finding of aggravators or mitigators; rather, they need include only a 'reasonably detailed recitation of the trial court's reasons for imposing a particular sentence.'" *Mendoza v. State*, 869 N.E.2d 546, 555–56 (Ind. Ct. App. 2007).

[8] The trial court's oral sentencing statement indicates that it considered Fritz's alcohol-related criminal history when imposing its sentence. The trial court noted that Fritz had been on probation for Level 6 felony OWI and Level 6 felony domestic battery when she committed the instant offense, both of which prior offenses involved alcohol. The trial court characterized Fritz as a "frequent flyer" who had failed to address her mental health and substance-abuse issues and observed that she was likely to reoffend unless she took steps to do so. Tr. Vol. II p. 114. In summary, the trial cited Fritz's criminal history and her failure to address her substance-abuse and mental-health issues as the basis for the imposition of its aggravated sentence. We conclude that this is a sufficiently detailed statement to allow for appellate review.

## B. Whether the Trial Court Abused its Discretion in Failing to Find a Mitigating Circumstance

[9] Fritz also argues that the trial court abused its discretion when it declined to find her mental health issues to be mitigating. While a trial court is "obligated to receive and consider mitigating factors, the trial court is not obligated to accept the defendant's contentions as to what constitutes a mitigating circumstance or to give the proffered mitigating circumstance the same weight the defendant does." *Wilkes v. State*, 917 N.E.2d 675, 690 (Ind. 2009). While the sentencing statement shows that the trial court did consider Fritz's mental health, it also noted that she had failed to take the steps necessary to address the issue, an observation well-supported by the record. Under the circumstances, we cannot say as a matter of law that the trial court's refusal to consider Fritz's mental-health issues to be mitigating was an abuse of discretion. *See id*. ("The

trial court is required to accept as mitigating a circumstance that is established by the facts and as a matter of law is to be considered."). Fritz's argument is a challenge to the weight given by the trial court to evidence of her mental-health issues and her continued refusal to address them, which is no longer a cognizable challenge. *See Anglemyer,* 868 N.E.2d at 491. Fritz has failed to establish that the trial court abused its discretion in sentencing her.

[10] We affirm the judgment of the trial court.


Vaidik, C.J., and Riley, J., concur.